IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD EUGENE HOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:12-CV-899-CSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction.

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social

Security Act,  42 U.S.C. § 401 et seq. and for supplemental security income benefits under

Title XVI of the Social Security Act,  42 U.S.C. § 1381 et seq., alleging that she was unable

to work because of a disability.  Her application was denied at the initial administrative level.

The plaintiff then requested and received a hearing before an Administrative Law Judge

("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council

rejected a subsequent request for review.  The ALJ's decision consequently became the final

decision of the Commissioner of Social Security (Commissioner).[2]  *See Chester v. Bowen*,

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

792 F.2d 129, 131 (11ᵗʰ Cir. 1986).  The case is now before the court for review pursuant to

42 U.S.C. §§ 405 (g) and 1383(c)(3).[3]  Based on the court's review of the record in this case

and the briefs of the parties, the court concludes that the decision of the Commissioner

should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months...

To make this determination[4] the Commissioner employs a five step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

---

[3] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[4] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[5]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[5]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

### III.  The Issues

**A.  Introduction.**  The plaintiff was 47 years old at the time of the hearing before the ALJ and has a 12th grade education.  The plaintiff's prior work experience includes work as a painter.  Following the administrative hearing, the ALJ concluded that the plaintiff has impairments of degenerative disc disease of the lumbar spine status post laminectomy/discectomy and fusion; degenerative disc disease of the cervical spine; aortic dissection; gangrenous small bowel status post small bowel resection; hypertension; gout; and carpal tunnel syndrome.  Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff has the residual functional capacity to perform light work from May 2007 to December 2008 and sedentary work thereafter.

### B.  The Plaintiff's Claims.

As stated by the plaintiff, his claims are

1.  Whether the ALJ erred, in the absence of a physical capacity evaluation completed by a treating or examining physician, in finding that from May 2007 to December 13, 2008, the Claimant had the residual functional capacity to perform a range of light work activity and in finding that from December 14, 2008, to the present, the Claimant was able to perform a range of sedentary work activity.

2.  Whether the ALJ failed to make specific and well articulated findings regarding the Claimant's combination of impairments and whether the combined impairments caused the Claimant to be disabled.

## IV.  Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to his past work.  *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, *e.g.*, the testimony of the claimant and his family or friends; and (4) the claimant's age, education, and work history.  *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).  The ALJ must conscientiously probe into, inquire of, and explore all relevant facts to elicit both favorable and unfavorable facts for review.  *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981).  The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphasis added).  Within this analytical framework, the court will address the plaintiff's claims.

### A.  The Residual Functional Capacity Determination

As this court has said many times before, an ALJ is required to independently assess a claimant's residual functional capacity "based upon all of the relevant evidence." 20 CFR § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) ("Responsibility for

assessing residual functional capacity at the administrative law judge hearing . . . level. If your case is at the administrative law judge hearing level . . . , the administrative law judge . . . is responsible for assessing your residual functional capacity."); *see also Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) ("The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."). "Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. § 416.945(a)." *Peeler v. Astrue*, 400 Fed. Appx. 492, 493 n.2 (11th Cir. 2010).

In essence, the plaintiff contends that the record must contain a residual functional capacity determination by an examining or treating physician.  However, the plaintiff's argument conflates the nature of residual functional capacity with the responsibility for making the residual functional capacity determination.  The Commissioner's regulations set out above clearly show that the ALJ is responsible for making the residual functional capacity determination when a case has reached the level of the administrative law judge hearing.

But that observation does not end the enquiry.  The essential question raised by the plaintiff is whether it is necessary to have a residual functional capacity assessment by a medical provider as part of the evidence which an ALJ must consider in reaching a determination.  In this case, the answer is no.  The ALJ stated that he

considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. §§ 416.929 and SSRs 96-4p[6] and 96-7p.[7]  The undersigned has also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.[8]

(R. at 17) (footnotes added).

It is evident from the ALJ's opinion that he considered all of the available medical evidence in reaching his residual functional capacity determination.  The court has independently considered the record as a whole and finds that the record provides substantial support for the ALJ's conclusions.  Consequently, the court concludes there was sufficient medical evidence before the ALJ from which she properly could made a residual functional capacity assessment.

In support of his position regarding residual functional capacity, Holden relies on a case from another district for the proposition that the Commissioner's residual functional capacity assessment must be supported by a residual functional capacity assessment of a physician.  *See* Doc. # 13 at 8 (arguing that the ALJ's finding "must be supported by the residual functional capacity assessment of a treating or examining physician" (quoting

---

[6]  This Ruling clarifies the policy of the Social Security Administration on the evaluation of symptoms in the adjudication of claims for disability benefits under title II and title XVI of the Social Security Act.

[7]  This Ruling clarifies when the evaluation of symptoms, including pain, requires a finding about the credibility of an individual and explains the factors to be considered in assessing the credibility of the individual's statements about symptoms.

[8]  Generally, these Rulings describe how the Commissioner evaluates and uses medical source opinions.

*Coleman v. Barnhart*, 264 F. Supp. 2d 1007, 1010 (S.D. Ala. 2003))).  But *Coleman* is most assuredly not the last word on this issue.  In *Packer v. Astrue*, 2013 WL 593497 (S.D. Ala. Feb. 14, 2013), Chief Judge Granade rejected the absolutism of *Coleman*, noting that "numerous court had upheld ALJ's RFC determinations notwithstanding the absence of an assessment performed by an examining or treating physician." *Packer*, 2013 WL 593497 at *3.  Like those other courts, this court rejects *Coleman's* seemingly mandatory requirement that the Commissioner's fifth-step burden must be supported by an RFC assessment of a physician.[9]  The ALJ had before him sufficient medical evidence from which he could make a reasoned determination of Holden's residual functional capacity.  Thus, he was not required to secure from a medical source a residual functional capacity evaluation.

## B.  Combination of Impairments

An ALJ must consider the combined effects of all impairments in evaluating disability.  *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).  Holden contends that the ALJ "failed to make specific and well articulated findings regarding the Claimant's combination of impairments and whether the combined impairments caused the Claimant to be disabled."  (Doc. 13 p. 10).  The court disagrees.

At step three of the sequential evaluation, the ALJ found that the plaintiff does not have an impairment "or combination of impairments" that met or equaled the Listing of

---

[9]  The court notes with dismay that the plaintiff failed to cite for the court the many cases which disagree with *Coleman v. Barnhart*, 264 F.Supp.2d 1007, 1010 (S.D. Ala. 2003).  Counsel is reminded of his obligation of candor to the court.

Impairments found in 20 C.F.R. Part 404, Subpt. P, App. 1(Appendix 1). (R. at 16).  As

previously noted, the ALJ found that the plaintiff has several severe impairments.  In his

opinion, the ALJ exhaustively reviews the plaintiff's medical history and treatment and the

effects of the limitations resulting from the plaintiff's impairments.  In describing those

limitations, the ALJ said

> After careful consideration of the entire record, the undersigned finds that
> from May 2007 to December 13, 2008, the claimant had the residual functional
> capacity to perform a range of light work activity except that he could
> continuously use his hands for simple grasping and fine manipulation. He was
> able to frequently use his hands for pushing and pulling of arm controls. He
> was able to occasionally use his feet for pushing and pulling of leg controls.
> He was able to occasionally stoop; crouch; kneel; and crawl. He was able to
> occasionally climb ramps and stairs but never climb ladders, ropes, or
> scaffolds. He was not able to balance. He was able to frequently reach
> overhead. He was able to occasionally perform work activities involving
> exposures to marked changes in temperature and humidity; and driving
> automotive equipment. He was not able to perform work activities involving
> unprotected heights; and being around moving machinery. He also experienced
> a moderate degree of pain. From December 14, 2008, to the present, the
> claimant is able to perform a range of sedentary work activity except that he
> is able to frequently use his hands for simple grasping; pushing and pulling of
> arm controls; and fine manipulation. He is able to occasionally use his feet for
> pushing and pulling of leg controls. He is able to occasionally stoop; crouch;
> kneel; and crawl. He is able to occasionally climb ramps and stairs but never
> climb ladders, ropes or scaffolds. He is not able to balance. He is able to
> frequently reach overhead. He is not able to work at activities involving
> unprotected heights; being around moving machinery; and driving automotive
> equipment. He is able to occasionally work at activities involving exposure to
> marked changes in temperature and humidity. He experiences a moderate
> degree of pain.

(R. at 16-17)

These limitations could not result from just one or even several of the plaintiff's

impairments.  Rather, they plainly result from the effects of all of the plaintiff's impairments.
Thus, while it is correct that the ALJ did not recite by rote at steps four or five of the
sequential analysis that he considered the plaintiff's impairments in combination, it is
obvious that he did.  The ALJ considered each of the plaintiff's impairments carefully, taking
into account all symptoms, medical opinions, and the claimant's own subjective allegations,
which he found to be only partially credible. Then the ALJ explained his conclusions about
the plaintiff's resulting limitations in a way which demonstrates that the ALJ fully considered
all of the effects of all of the impairments on the plaintiff's ability to do work.

Accordingly, the court concludes that the decision of the Commissioner is due to be
affirmed.  A separate final judgment will be entered.

Done this 6th day of March, 2014.


/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE